BROWN *versus* LEACH *and wife.*

A mortgagee of a farm has the right to immediate possession, unless he has waived such right by agreement.

Such right is waived by a condition in the mortgage that the mortgager should fulfil a bond which he had given to maintain the mortgagee upon the farm, and to keep the farm in good order.

ON REPORT from *Nisi Prius,* HOWARD, J., presiding.

WRIT OF ENTRY.

Brown conveyed to Martha Leach, one of the defendants, a farm of fifty acres. In consideration thereof, Reuben Leach, the other defendant and the husband of Martha, gave to Brown a bond in the penal sum of $1200, conditioned to be void, if the obligor should well and sufficiently maintain said Brown, or cause him to be well and sufficiently maintained and kept, at the said farm, and furnish him good and sufficient apartments by himself, &c. and keep the farm in as good condition and repair as it was then in, and pay all taxes on the same, and keep the house insured.

To secure the fulfilment of the bond, a mortgage of the farm was given to Brown by the tenants.

Difficulties arose between the parties, as to the sufficiency of the support furnished to Brown. These difficulties were

submitted to referees, who, among other things, awarded that it did not appear to them that the bond had not been performed and fulfilled.  This suit is upon the mortgage.

Upon these facts, the case was submitted to the Court for a legal decision.

*C. J. Abbott*, for the demandant.

The action upon the mortgage is maintainable without proof of a breach of the condition, there being no agreement that the mortgagers should remain in possession.  R. S. c. 125, § 2 ; *Coleman* v. *Packard*, 16 Mass. 39 ; *Allen* v. *Parker*, 27 Maine, 531.

*Woodman*, for the tenant.

HOWARD, J. — The mortgagee has the legal estate in lands mortgaged, and is regarded as owner in fee, as against the mortgager, and those claiming under him, subject to defeasance.  He, consequently, has the immediate right of possession, before condition broken, unless it has been waived or controlled by agreement.  This general doctrine has been affirmed by statute, 1841, c. 125, § 2.

The demandant as mortgagee, in this case, claims the right to possession of the premises demanded, before showing a breach of any of the conditions of the mortgage.  The estate was conveyed to him by the tenants to secure the performance of the conditions of a bond given by Reuben Leach, one of the tenants, for the support and maintenance of the demandant during his life, upon the estate ; and which contains among other provisions, a stipulation that the obligor "shall keep the premises conveyed, in as good condition and repair as they are now in, and pay all taxes assessed upon him, or upon said premises, and shall keep the house, if said Shubael so require, insured," &c.

The bond and mortgage deed were executed at the same time, had reference to the same subject matter and were parts of the same transaction, and they must be construed together. The tenant, who was obligor and joint mortgager, was bound to keep the estate, which was a farm containing about

fifty acres of land, with buildings thereon, in as good condition and repair, during the life of the demandant, as it was when mortgaged. This he could not do if the demandant was to have exclusive possession of the premises. But in order to fulfill his bond, and do what the demandant required to be done by the terms of the obligation and mortgage, he must have the control, management and possession of the estate.

The demandant cannot deprive the tenants of the right and power to keep the conditions which he requires to be kept. While he insists upon performance he must not prevent it. He relies upon an agreement which operates as a restraint upon his general rights as a mortgagee. It is in substance and effect an agreement incorporated into the mortgage, that the obligor should possess and manage the estate, to enable him to perform his obligations, and prevent a breach of the conditions of the mortgage. *Lamb* v. *Foss*, 21 Maine, 240 ; *Allen* v. *Parker*, 27 Maine, 531.

*Demandant nonsuit.*

SHEPLEY, C. J., and TENNEY, WELLS, RICE and APPLETON, J. J., concurred.